3-4-3-1-3 United States v. Henderson. Mr. Byrne. Good morning, your honors. May it please the court, my name is Jonathan Byrne. I'm appearing this morning on behalf of Michael Henderson, the defendant below. Rule 32 of the Rules of Criminal Procedure lay out requirements for objecting to the calculations made by a probation officer in a pre-sentence investigation report to PSR. The government failed to abide by those requirements. Rule 32 also provides for later objections to be made on the basis of good cause shown. The government never even tried to make a showing of good cause nor could it. And the district court did not make a finding that there was good cause to excuse the government's failure to object to the PSR. Instead, the government made new objections months after the PSR was initially prepared and weeks after it was finalized in response to an order of the district court addressing the issue of safety valve relief, not the calculation of the advisory guideline range. The district court abused its discretion in considering the district court's or the district court abused its discretion in considering the government's untimely objections and imposing enhancements to the guidelines at sentencing as a result. I think this case, more than others, the timeline is really, really important. Mr. Henderson entered his guilty plea on October 6th of 2022 and at the same time the district court entered a sentencing order laying out a deadline for the draft PSR to be prepared, objections to be made, and the final PSR to be prepared. The district court did grant... Why doesn't the district court have an overall obligation to figure out and find what precisely is the just sentence? To do that, the district court got to analyze statutory questions. It's got to analyze questions under the guidelines. Why would we get in the way of what the district court's ultimate obligation and burden is, which is to arrive at the end of the day when the sun goes down at a sentence that reflects justice in its fullest extent? Why would we prohibit the district court from considering enhancements that may or may not figure into the correctness of an ultimate sentence? There are a couple of separate issues there to unpack, if I could. One certainly is we don't disagree that under Gall and this court's decisions interpreting Gall, the district court has an obligation to correctly calculate the guideline range. That's obviously true. What I was unable to find were any cases that really discussed the issue of how that interacts with the general principle of party presentation. What we have in this case is a situation where there was a draft PSR that was prepared. It included a two-level enhancement for the firearm and no other enhancements. Mr. Henderson made an objection. In the Southern District of West Virginia, those objections go to the probation officer and they go to the government. They are not filed on the record. That objection was persuasive. The probation officer removed the two-level enhancement. When the final PSR was prepared, there was no two-level enhancement recommended. Weren't there some cases that came down in the interim that raised the question of eligibility for the safety valve? The statutory safety valve, yes. That was Jones. The district court entered the order about Jones. The district court's order specifically directed the parties to... Wasn't it necessary to decide the enhancements in order to find out whether there was safety valve eligibility? At the time the district court entered that order, there was no dispute over any of the enhancements. Right. I know, but I'm saying when the district court revisited the question after the case law came down and the question was raised in the district court's mind, the question of eligibility for the safety valve, and why wouldn't the district court be allowed to consider the applicability of enhancements that would reflect on that eligibility? The bottom line, it seems, is that we should not get in the way of the district court organizing its proof and its determinations to fulfill its ultimate obligation of arriving at a just sentence, both from the standpoint of the defendant and the standpoint of the government. And it seems to me you want to establish a roadblock there. I don't want to establish a roadblock, Your Honor. I want the government to abide by the requirements of Rule 32 the same way the defendant would have to. We cited multiple cases in our briefs where defendants fail to make timely objections, ask for dispensation for good cause, it's not given, and that's it. They're stuck with that. It's an original sin that will follow them through the rest of their case. All we want is for the government to abide by the same rules. And if the district court does want to revisit guideline calculation issues... Why isn't there a cause here when you have intervening case law that suggests to the district court that they may or may not be eligible for a safety valve, and the district court says I'm going to consider all the evidence that's pertinent to that. And it's troubling to me, in addition, is that all of this is about a procedure, and I don't think anybody has disputed particularly. I know you made some arguments, but as far as the leadership enhancement and as far as the firearms enhancement, it doesn't seem to me that there's much dispute. Well, yes, the district court does a perfect basis for the application of these enhancements. There's evidence upon evidence that this person was running a drug ring from inside the prison. Of course he's a leadership, he's occupying a leadership enhancement, and he's referring to pistols and his firearms as his puppies and giving orders to this person and that person about what they should do with his puppies and what firearms they should bring to a transaction. It's plainly within constructive possession. And here are these enhancements that plainly, clearly, indisputably, it seems to me, ultimately, apply. And we're going to get into, we're going to prohibit the district court from considering what it needs to consider in light of intervening authority as to whether the eligibility for safety valve consideration or not. I don't know. We seem to be getting in the way of justice here. Well, Your Honor, the intervening authority in this case was Jones, which didn't have anything to do with firearms or leadership, number one. Number two, we did challenge the facts in the PSR as to the firearm enhancement. We did it in the process set forth in Rule 32, and the probation officer found that credible. And because the probation officer found that credible and the government failed to object to it earlier, the district court did not have that argument before it when it ruled on the enhancements. As for the leadership role, the probation officer didn't recommend that in the PSR. The government didn't object to that. We relied on that in making the argument about the safety valve. It just simply wasn't an issue. And the Jones order that Judge Berger entered did not say any guideline issue that might be relevant to this is to be reopened. It pointed out that there was no firearm enhancement recommended or leadership role recommended, but it didn't say, and if there are issues with that, I want to hear from the parties on that. There have been, just speaking from experience, there have been cases below in our court where at some point in the sensing process the district court judge says, hey, party, I think you may have missed something here. And it's gone both ways. It's been a, I think there's an enhancement that might apply here. I think there's enhancement that's in the PSR that nobody objected to that might not apply. I want you to brief us. And that's what didn't happen in this case. We've gone over and over and we have said the district courts have the ultimate and independent obligation to find the correct guideline range. That's what a district court is supposed to do. And if it fails to do that, we send it back. And here is somebody who is trying, here's a district judge that is trying to do what we said, which is to find the correct guidelines range. And we're not going to allow him to do that job? No, Your Honor. I'm perfectly willing to concede that the district court should be allowed to do that job, but it has to come within the confines of the rules. It has to be within the confines of allowing the parties to present the arguments on the relevant enhancements. I mean, that I think is the bottom line in this case, is that, especially on the firearm enhancement, Judge Berger's order imposing the enhancement said that Mr. Henderson doesn't challenge the facts in the PSR. Mr. Henderson had challenged the facts in the PSR, successfully. And that's why it was not before the court. I thought the district court statement was in the context of not challenging the facts at the sentencing hearing. I'm sorry, Your Honor? I thought the district court's statement that the defendant did not challenge the facts was in the context of not challenging them or at the sentencing hearing, not at the PSR level. It was in the order resolving the safety valve issue, which is where the objections were ruled on. By the time we got to the actual sentencing hearing, that decision had been made. Right, but there was no objection to the facts there is the point, right? No, because at that point, the decision on the firearm enhancement had been made, and this court has said that once a decision has been made by the district court, the parties don't have an obligation to essentially raise it again. Okay. Well, let me ask this. So I think I recognize Mr. Henderson's and your perhaps frustration with the way this all went down because it's started out with perhaps an opportunity for Mr. Henderson to benefit from the safety valve provision, and the way it worked out is not only did he not benefit from that provision, but his sentence was enhanced because of arguments that you say should have been brought earlier, in fact were brought earlier in the process and rejected by the probation officer without an objection from the government, and that all may be true, and then you point out the fact that defendants don't get the same pass, but in those cases that you're talking about where defendants don't get the same pass, they're not quite on all fours with this case, are they? They wouldn't be exactly on all fours. This is a unique situation in my experience. Right, and I think that's to Judge Wilkinson's point is that the district court was trying to do the right thing by getting to the appropriate sentence and then asked the parties to brief why the safety valve didn't apply, and it was in that context that these enhancements are adjudicated. I mean, why isn't that, back to Judge Wilkinson's point, why isn't that good cause? Because I think if the district court had said, and as a part of that if there are guideline calculation issues we also need to resolve, I want to hear about those, then we wouldn't be here. But that's not what the order says. The order says, this is coming out in wake of Jones, what is his eligibility for the safety valve? And at the time, the only element of for safety valve eligibility that directly tracks to a guideline enhancement is the leadership role, and the PSR said he does not get a leadership role enhancement. We relied on that. And I think it's important, and this goes back to the timeline, the supplemental briefing on the Jones order were both due on the same day, so it was not a situation where the government filed, we filed a response, the government filed a reply. We were frankly blindsided by what the government did. Time after time we have chided district courts for not taking sentencings seriously enough, and for not considering this or that or the other. And we say, oh, to district courts, you're too casual, you didn't take this into account, you didn't do a thorough job here. And here we have a situation where the district court is trying to do a thorough job, which is what we've encouraged them to do, and we're saying, oh, here you did too thorough a job, you proceeded too carefully. And we many a time have lamented that the district court didn't give more consideration to all the different factors that might bear upon a sentence, and now here district court is trying to do that very thing, which is to proceed as conscientiously as she knew how to do what we've encouraged them to do. Then why should we jump in and say, oh, you did too much? May I respond to that? Go ahead. I would say in this court, this is not a situation where the judge did too much, because more needed to be done if these guideline calculation issues were going to be reopened at that later date, and while I'm certainly sympathetic to the need to not micromanage the district court and to recognize the effort that district judges put into getting these things right, sometimes they still fall a little short, and this is one of those cases. Thank you. Thank you, Mr. Byrne. Mr. Gose. Thank you, Your Honors, and may it please the court. The district court did not abuse her discretion in correctly calculating the sentencing guidelines, and in this case the sentence should be affirmed. When the district court noticed the discrepancy between the facts in the pre-sentence report and the party's objections in the pre-sentence report, she did what I would hope any judge would do under those circumstances, ask the parties to address the factual discrepancy in writing. Couldn't the defendant have said, I don't want you to consider this safety valve approach? I mean, could he have just said, don't do it, or was the judge required to do it? In light of Jones, the court asked for written briefing, so to the extent that the court was required to do it, I would say that's best practice as opposed to required, to see what is the impact of Jones, but also on Jones, there's other criteria for the... You know, if you think about it and what happened here, you had a criminal case, a criminal defense law, you're advising your client, you have one guideline, it's pretty favorable, and you get something that Judge Diaz alluded to as being brought that potentially is going to make it even more favorable, but it turns out completely the opposite way, because it allows you to go back and revisit, and I don't think that's incorrect that the judge can do that, because I think in the context, and maybe correct me, that if neither party nor the PSR applied an enhancement, the judge could still look at the record and determine on its own that there's an enhancement period. It's that independence that Judge Wilkerson has alluded to, and it's pretty clear in terms of the focus that's there, but in this particular case, it's rather unique that in proceeding, even in advising, I'm thinking as a defense counsel, how do you advise a client when there's this benefit that you perceive is going to happen, probably say, oh, this is good, and at the end of the day, oh, no, it was not good, because now it allowed us, it opened the door to go back and revisit these things for the judge. Without this safety enhancement issue being brought up, I take it it would still be your position the judge could change her mind at any point, even after having ruled on it that he was, that you were not going to consider those other factors that, is that true? That is our position, your honor. In fact, that's the court's position in her written order. When she addressed the waiver argument, she says, this wasn't waived, I invited additional briefings specifically from the parties to address this, so I don't consider these arguments waived, but alternatively, the court has an independent obligation to get the guidelines right. At what point do, in the trial, I'm just thinking, this is back to the lawyer's side, representing the client. At what point can you tell your client, okay, this is good, because it sounds to me that a court can actually, ruling the defendant's favor, proceed on, say, okay, this is what we're going to do, get ready to do sentences, you know, I changed my mind, I want to go ahead and put this back in, and, you know, with the independent obligation that's there, but it just seems to me that none of this exists, maybe even can reopen it after sentencing and say, you know, I gave that sentence, but I want to go back and revisit this. Is there some kind of limitation here? And, of course, that's not the facts here, but I'm just thinking it leads to that result somewhat, at least in terms of where does this go from here? We would submit, even at the end of the day, if the court believes the accurate guideline calculation should be made, the court should make the accurate guideline calculation. If the parties think that's too unfair, or that's shaking things up too much. In both ways, I take it. One hundred percent, Your Honor. If the judge could get to the end of it and says, I didn't put it in, I want to give you this value of not having an enhancement, too. So you're saying the judge has that discretion to go back and forth on this because it's an independent duty at all times, and at no point during that sentencing proceeding does it become something the defendant can rely on as being, that's the way it's going to be, because at any moment the judge could change her mind. Well, let me address that in a couple ways because it's important. You can't rely on it too much because, of course, they're advisory guidelines, and Judge Berger correctly noted that these are, in fact, advisory guidelines. I would also wanted to address your question on point. I started out my career as a defense lawyer, and I know one of the scariest questions you can ask or receive from a client is, what am I looking at here? And I think every one of us in this courtroom knows the answer is, it depends on the judge. Here's what we think you're looking at, but the ultimate discretion is in whose hands? The court's hands. And to Judge Wilkinson's- And that's even after the prosecutor in the case is agreeing with you, the PSR is some way, and everybody's going in that direction, but at the last minute the judge can do this. But I'm not saying this, I'm only just saying, I just want to make sure I understand how this works in terms of this independence of the judge. This case, it seems to be there that the judge can do this, but I don't know what the implications are beyond that. So it would be scary. I'll concede the better practice, of course, would have been for the parties below to have raised these issues, both on the safety valve and on the government side, it is the better practice to raise those issues. That's why what Judge Berger did is so precisely correct, which is to say, if the judge notices a discrepancy in the facts of the pre-sentence report and what the parties are, she's asking the courts to address this. She could do it directly at sentencing, but here she entered a written order saying, please address the discrepancies in light of the new Jones decision, but in light of the other criteria under the safety valve, which are the leadership role, the possession of the gun, the acceptance of responsibility, because there were facts in the pre-sentence report at odds with what the parties took. One thing in thinking about what the district judge's obligations are, one of the district judge's obligations are to this court and what we have said about the obligation the district court has to reach a correct sentence at the end of the day, but I think there's another obligation in addition to the obligation that this court has imposed on district judges. There's an obligation to Congress and the Sentencing Commission to get these guidelines calculations correct, and there's a further obligation to the Congress of the United States, which set forth the elements of the safety valve provision. It didn't just want the safety valve provision to be handed out willy-nilly, and so I think there's an obligation to Congress that has passed the safety valve provision that we apply the safety valve provision in accord with Congress's wishes, that those who are eligible should receive it, and those who are not eligible should not receive it, and the district judge is trying to figure it out. So I think there's an obligation to this court what we've demanded of district judges. I think there's an obligation to the Sentencing Commission to do these calculations correctly, and I think there's an obligation to Congress to apply the safety valve provision in the manner that the legislative branch of this country intended, and there are all kinds of obligations here that the district court was attempting to satisfy, and it seems to us to say, oh no, you abused your discretion, would just frustrate so much of what we're trying to do. Well, we agree completely, and that's why the standard is abuse of discretion, and that's why the court is setting the parties up in the best possible way, which is asking for written pleadings, having everyone have the opportunity to evaluate. I would submit that's why this court wants written pleadings before we show up to argue, so that everyone has time to consider what the arguments are in advance, and Judge Berger addressed the issue of the waiver head-on, as well as the inconsistencies in the facts in doing her independent analysis, as is required by Gall and the Sentencing Commission, and did sentence him within an advisory guideline range, because she recognized this is a serious offense. Methamphetamine trafficking is serious, and he's looking at a lot of time. She still varied downward. He got a considerable break anyway, but she recognized the import of the sentence here, but this is what you would hope a judge would do. I've stood in these shoes before. Sometimes you miss things, and you hope a judge will point it out, preferably without yelling at you, but you always want a judge to say, the parties may have missed something here, can you address it? Do you think it would have been an abuse of discretion for the district court in this case? The defendant is entitled to the safety vow, because you've made arguments that, in fact, there are a couple of enhancements that apply in this case that nullify his entitlement to the safety vow, so your objection to application of the safety vow is sustained, but, government, you didn't bring up these enhancements at the point in time at the PSR, at the PSR time when the probation officer was supposed to be considering these, and so you waived those and I'm not going to apply them. Is that an abuse of discretion? That would not necessarily be an abuse of discretion, your honor, with the important caveat that the calculation should be right, and that was why the judge raised the issue in the first place. Well, it sounds like you're suggesting that that would be an abuse of discretion. If the leadership enhancement should have been applied, then it would be an abuse of discretion of the court to say, I'm just simply not going to apply it based on the facts, and that's why we would submit the facts and getting the guideline is more important than the rule, than the waiver language under Rule 32. But Mr. Byrne, he raises the point that district courts all the time make rulings that essentially say, Mr. Defendant, you have forfeited any argument that a particular reduction would apply because you didn't bring it up at the appropriate time. That's true, your honor. So why shouldn't that apply to the government? It does apply to the government. So it wouldn't be an abuse of discretion, would it, for the judge in this case to have said, you've made great points about the reason why the safety valve shouldn't apply, but I'm not going to apply the enhancements because the government didn't raise those issues when it should have. I'll defer to Judge Berger, who sort of answered that question, which is why she said the waiver doesn't apply. She said, I invited the briefing, but on top of that, the court has an independent obligation to get the facts right. So if getting the facts right is the good cause necessary for the court to arrive at the correct calculation, then yes, the court should always arrive at the correct calculation. Failure to arrive at a correct calculation could risk an abuse of discretion. But again, courts have enormous latitude to try to determine the factual basis of these guidelines. So that's how the court addressed it. When we're talking about cause, the term cause in the law is vague and it is not defined what cause is. That's left open. And when a term like cause is left open, that means that there's some latitude on the part of the sentencing judge to determine what's cause and what's not cause. That's the term cause as a term of art, almost, is something that reposes discretion in the person that finds cause to be present or cause to be absent. But it's a discretionary term. It's a term that leaves latitude. And it certainly seems fair when intervening authority comes that suggests the need for and then the appearance of enhancements to determine eligibility for safety valve consideration. This is not just whether the district court let the government off free. It's a question whether there was a very concrete reason for the district court to request supplemental briefing. And I would say that this court requests supplemental briefing all the time. And for the very reason that Judge Berger suggested the need for supplemental briefing, there's intervening authority that we want supplemental briefing to elucidate. And I don't think that's an abuse of discretion on our part to ask the parties to have supplemental briefing because of intervening authority. That's all the district judge did. And that's routine for courts. And sometimes the supplemental briefing suggests questions that weren't apparent before. But I don't see how it could be, you know, an abuse of discretion. Reversal is a pretty rough thing. And to be reversing is an abuse of discretion. This fine district judge who was trying to come to the right result for the right reasons and was trying to apply the thorough consideration that we required of them to say, you abused your discretion. You took too much time. You took too much care. Your Honor, the good cause definition. We can't. That's bad. We certainly agree. The good cause definition is very broad. Legally sufficient ground to reason. Circumstances in the discretion of the court. That's from Black's Law Dictionary. That's the best I can come up with. So it's not only somewhat circular, it's designed to afford courts discretion because we're trying to get it right. And when we look at the abuse of discretion, at the end of the day, what we're seeking is a just result. What is a just outcome that the judge advises the guideline calculations or devises them correctly, properly, based on the facts, in evidence, and then applies that sentence in an advisory fashion while, you know, looking at the other 3553A factors. That's precisely what was done in this case. That's precisely what was done with the two-level gun enhancement in this case. And that's why we think the court did not abuse their discretion in correctly calculating the sentence and the defendant's conviction should be affirmed. Are there any other questions? All right. Thank you, Mr. Gose. Thank you. I wanted to go back to the scenarios you were running through with Mr. Gose, Judge Winn, in this issue of what district courts can do in absence of argument from the parties on guideline enhancements or other sentencing issues. I think there is a distinction. It's a fine one, but it's an important one, between the judge at some point in the process later than the rules contemplate saying, there's an issue here, I think we need to deal with it, and the judge at the end of the day saying, without hearing full argument from the parties, I'm going to impose this enhancement, or I'm going to not impose this enhancement. And I think this case is more like that than the supplemental briefing example that Judge Wilkinson brought up, because in that instance, you've got the parties arguing about the same thing. And if the government, in their response to a supplemental briefing on new developments case law, said, oh, by the way, there's another basis to rule in our favor, and it's ten years old, I think that's a different situation. Another thing is, I would really direct your honors to, it's on page 30 of the joint appendix, the order that Judge Berger entered. What it says is that although the PSR did not recommend enhancements related to firearms or leadership or managerial role, and did recommend an acceptance of responsibility reduction, based on the facts of the PSR surrounding those issues, the court finds it appropriate to give the parties an opportunity to address the implication of Jones, and whether Mr. Henderson meets the remaining safety valve criteria. In other words, the PSR already says these two things don't apply, Jones indicates he may be eligible based on his criminal history, is he otherwise eligible? I think the district court's conclusion later about waiver saying this order invited additional arguments on the guideline elements just doesn't match up with that language. The other thing I wanted to point out in terms of enhancement is, the burden of proof for guideline enhancements rests with the government. When a defense attorney sits down with his client, and go through the PSR and say, well, you may get this enhancement, you may get that enhancement, the PSR comes back and it doesn't recommend that, and the government doesn't object, you're sort of entitled to say, well, the government must not think they can prove that, and we're going to move on with that, and I think that's important. The other issue is, Judge Wilkinson, you were talking about the various authorities, essentially that the district court's trying to comply with, the Sentencing Commission, Congress and all that, Rule 32 is that too. Rule 32 started out in the judiciary, it was approved by Congress, it is designed to produce a system wherein the parties are aware of what the disputes are. Oftentimes, when I get a case to start briefing, and there are sentencing issues, the first place I go is the objections to the PSR, because that shows what was kind of at issue. I always enjoy your arguments, Mr. Byrne, and I understand what you're saying, and that is that part of what the Sentencing Commission and Congress wanted was an orderly system where objections and proof proceed in an orderly fashion, but there is still the obligation of a district judge to apply the enactments of Congress correctly, and I wonder at the time whether we can leave saying that we didn't allow a district judge to apply a leadership enhancement to someone who was really operating in great detail a drug ring from inside prisons. Those instructions that this individual gave from within the prison walls to lieutenants outside the prison walls, they concern what drugs, they concern quantity of drugs, they concern what weapons should be brought to the drug deals, all of those things, and I hear you when you talk about part of what we've been given by Congress and the Sentencing Commission as a system of proof and waiver and all of those kinds of things, but when you get to the bottom of it here, safety valve provision is a matter of grace, and this is a very serious thing that went on here, and prisons are facing every day people who are still not abandoning their conspiracies and their drug operations simply because they've been incarcerated. It's like it's uninterrupted, and the enhancement here seems to be so obviously applicable. It'd be a rough thing to say the district judge abused his discretion in applying it. I'm having a hard time with it. Can I respond to that briefly, Aaron? What I would say to that is, first of all, we haven't challenged specifically the leadership enhancement on appeal the way we did the gun enhancement, but secondly, the evidence that's in the PSR, which is all we have, didn't convince the probation officer, and it didn't convince the government to file an objection for months, and so it's not as clear a question as I think it otherwise could be, but I will leave it at that. Thank you, Your Honor. Thank you, Mr. Byrne. I want to thank both counsel for their fine arguments in this case. We'll come down and greet you.
judges: Albert Diaz, J. Harvie Wilkinson III, James Andrew Wynn